TOWN OF CARTHAGE

v.

CHARLES P. BUCKNER.

1. SALE OF LIQUORS—ORDINANCE PROHIBITING—PRESCRIPTIONS BY
PHYSICIANS.—Under a charter authorizing the town to license, regulate and
suppress the sale of liquors, an ordinance was enacted, among other things
prohibiting under penalty, any physician to give a prescription to a person
in good health, to enable him to obtain liquor to be drank as a beverage.
*Held*, that such an ordinance is not unauthorized, unreasonable or oppressive,
neither does it discriminate against any class of persons.

2. DESIGNATING OFFENSE AS NUISANCE.—Where an ordinance properly
defines an offense and prescribes the punishment, that portion which calls it
a nuisance may be rejected as surplusage.

ERROR to the County Court of Hancock county; the Hon.
JOHN B. RISSE, Judge, presiding.   Opinion filed October 2, 1879.

Messrs. MANIER & MILLER and Mr. S. H. BENSON, for plain-
tiff in error; that the ordinance was proper evidence in the
case, it having been properly adopted and published, cited
Hensoldt v. Town of Petersburg, 63 Ill. 111; Byars v. City of
Mt. Vernon, 77 Ill. 467.

No written complaint was necessary to commence the suit:
Town of Jacksonville v. Block, 36 Ill. 507.

It was the duty of the court to hear and determine the cause
in a summary manner, according to its merits: Town of Jack-
sonville v. Block, 36 Ill. 507; Byars v. City of Mt. Vernon, 77
Ill. 467; Powell v. Feely, 49 Ill. 143; Harbaugh v. City of
Monmouth, 74 Ill. 367.

As to power to enact such an ordinance: King v. Town of
Jacksonville, 2 Scam. 305; Goddard v. Town of Jacksonville,
15 Ill. 588.

A physician must practice his profession upon such terms
and under such restrictions as the law-making power in its
discretion may deem most for the interest of the community:
Cohen v. Wright, 22 Cal. 194; Simmons v. State, 12 Mo.
271; State v. Glazay, 5 Ohio, 22; Goldthwaite v. City of

Montgomery, 50 Ala. 486; Aiken v. Board of Health, 11 Chicago Legal News, 35.

By giving a prescription for the druggist to fill, the physician becomes an actor in the sale: Johnson v. The People, 83 Ill. 431.

Defendant must prove that he gave the prescription in good faith: Harbaugh v. City of Monmouth, 74 Ill. 367; The People v. Safford, 5 Denio, 114.

Mr. W. E. MASON, for defendant in error; argued that all legislative power is vested in the General Assembly, and cannot be delegated to any other tribunal, and cited Constitution Art. IV, § 1; Thorne v. Cramer, 15 Barb. 112; Mays v. State, 4 Ind. 342; Wayman v. Southard, 10 Wheat, 1.

The powers of corporations are limited by the grants in their charters: Town of Petersburg v. Metzker, 21 Ill. 205.

Ordinances must be reasonable, and not inconsistent with the Statute or Constitution: City of Chicago v. Rumpff, 45 Ill. 90; Dillon on Municipal Corporation, 308; People v. Throop, 12 Wend. 183; Pedrick v. Bailey, 12 Gray, 161; Durham v. Rochester, 5 Cow. 462; Paris v. Graham, 33 Mo. 94; Sullivan v. City of Oneida, 61 Ill. 242; Sullivan v. City of Stephenson, 62 Ill. 290; City of Clinton v. Phillips, 58 Ill. 102; Peoria v. Calhoun, 29 Ill. 320; St. Paul v. Coulter, 12 Minn. 41; Wiggins v. City of Chicago, 68 Ill. 372.

Whether an ordinance is unreasonable or inconsistent with the statute, is a question of law for the court: Peoria v. Calhoun, 29 Ill. 320; Austin v. Murray, 16 Pick. 121; Buffalo v. Webster, 10 Wend. 100.

Under the power to regulate the sale of liquor, the town had no right to pass an ordinance subversive of a common or private right: City of Clinton v. Phillips, 58 Ill. 102; Sullivan v. City of Oneida, 61 Ill. 242.

The ordinance makes special and unwarranted discrimination: St. Louis v. Cafferata, 24 Mo. 94; St. Louis v. Benton, 11 Mo. 6; Chicago v. Reumpff, 45 Ill. 90; Municipality v. Blineau, 3 La. An. 688.

If the prescription, on its face, is for medical purposes, it is

Town of Carthage v. Buckner.

sufficient to protect the druggist under this ordinance: People v. Safford, 5 Denio, 114.

He who affirms a material fact, must prove it: Hinman v. Pope, 1 Gilm. 131; Watt v. Kirby, 15 Ill. 200; Ross v. Utter, 15 Ill. 402; G. W. R. R. Co. v. Bacon, 30 Ill. 347.

It must appear that there was bad faith in giving the prescription: Conkright v. The People, 35 Ill. 204.

Bad faith will not be presumed against the defendant: Waddle v. Duncan, 63 Ill. 223; Booth v. Town of Carthage, 67 Ill. 102; Town of Collinsville v. Scanland, 58 Ill. 221; Kinder v. Gillespie, 63 Ill. 88.

A defendant must be apprised of the nature of the action against him; and under a complaint for violation of an ordinance, setting forth the offense, an entirely different offense cannot be shown: Brookbank v. Smith, 2 Scam. 78; Bates v. Buckley, 2 Gilm. 389; Webb v. Lasater, 4 Scam. 543; Gates v. City of Aurora, 44 Ill. 122.

HIGBEE, J. This was a suit by the town of Carthage against defendant, Charles P. Buckner, for the violation of an ordinance of said town. By its charter the town was authorized to license, regulate, or suppress and prohibit, the selling, bartering, exchanging or giving away of any vinous, malt, fermented, spirituous or intoxicating liquor within its limits.

Acting under this authority, the town, on the 12th day of February, 1873, passed an ordinance containing the following sections:

" SECTION 1. Be it ordained by the Town Council of the town of Carthage, that it shall be unlawful for any person or persons to sell, barter, exchange or give away, within said town, in a less quantity than five gallons, any brandy, whisky, rum, gin, wine, ale, beer, cider, or other vinous, malt, fermented, spirituous or intoxicating liquors, or any beverage or drink in which any of the aforesaid liquors is mixed or contained. And any person or persons so offending shall be adjudged guilty of a nuisance, and upon conviction thereof shall be fined in the sum of ten dollars for each and every offense."

" SECTION 10. None of the provisions of this ordinance shall

apply to any person or persons duly licensed by the authorities of said town to vend and sell the liquors, drinks or beverages aforesaid, or to their clerks, agents, servants or employes; and no prosecution shall be had thereunder against any established druggist or apothecary who shall sell, barter, exchange or give away wine for purely sacramental purposes; or any of the liquors aforesaid to any other person upon the written prescription of any respectable practicing physician for medical purposes; and to no practicing physician who shall, in good faith, sell or give away to any patient any of the liquors aforesaid for medical purposes ; and the fines above provided shall not be applicable to any person who shall sell, barter, exchange or give away cider for the use and consumption of any person at his private residence or in his family for culinary purposes, nor to any person who shall in good faith give away any of said liquors at his or her place of residence."

" SECTION 11. That it shall be unlawful for any physician to give a prescription to any well person or persons, who is or are apparently in good health, to enable him or them to get any of said liquor, beverage or drink, to be used as a beverage; and any physician so offending shall be adjudged guilty of a nuisance, and upon conviction thereof, shall be fined in the sum of ten dollars for each and every offense."

" SECTION 12. It shall be the duty of the president, trustees, constable and all police officers of the town, to give notice to the town attorney of every breach of this ordinance, which may come to their knowledge, and the town attorney, upon said complaint being made and signed by the party so complaining shall prosecute suit against the person or persons so offending."

This suit is brought for a violation of section eleven of the ordinance, and the plaintiff charges that defendant was a practicing physician of said town, and as such, gave to divers well persons, who were apparently in good health, prescriptions to enable them to obtain spirituous liquors to be used and drank as a beverage.

It is urged by defendant in error, that section eleven is unauthorized by the charter, and that it is void because it is

unreasonable, oppressive, and discriminates against a particular class of persons.

The town had the power under its charter to prohibit entirely the sale of spirituous liquors within its limits by ordinance, or to permit the limited sale under such reasonable regulations and restrictions as it should deem proper.

The latter course was adopted, and sales allowed in certain excepted cases named in the ordinance, one of which was when made on the written prescription of a physician for medical purposes.

No physician was bound to act under the ordinance, but if he saw proper to avail himself of the privilege given, he was bound by its terms, and could only give a prescription for the purpose named in the ordinance, and for no other.

The object was to suppress the evils of intemperance, but not to prohibit the use of spirituous liquors for medical purposes. Who was more competent to determine when it was needed for such purposes than a practicing physician?

In clothing him with this power, was it unreasonable, oppressive, or unjustly discriminating against his profession to require him to act honestly and in good faith; and what more does this ordinance require? It subjects him to a fine for giving a prescription to a well person apparently in good health, for the purpose of enabling such person to procure the liquor to be used or drank as a beverage. It was not intended that he should have the right to evade the ordinances by issuing prescriptions to persons for liquor to be used as a beverage, and thereby defeat the very object of the ordinance; and the fact that such a right is exercised, shows the wisdom of the town council in prohibiting it under proper penalties.

Such a restriction seems absolutely necessary to prevent fraud upon the law; and the power to enact it is necessary to carry into effect the objects of the charter, and we neither regard the ordinance in this respect as unauthorized, unreasonable, oppressive, or as unjustly discriminating against any class of community.

The right to practice medicine is conferred by law, and he who adopts it as a profession must conform to its reasonable

requirements in the discharge of his professional duties. It *is* also objected that the ordinance declares the offense a nuisance. The ordinance properly defines the offense, and prescribes the punishment, and that portion which calls it a nuisance may be rejected as surplusage. It is complete without it, and we do not regard the name given to the offense as of the least importance.

It is also urged that the evidence does not affirmatively show that defendant is guilty of violating the ordinance. The record shows that the case was tried upon this agreed state of facts.

The plaintiff next read in evidence the following agreed statement of the facts in this suit:

1st. That the defendant now is and has been a practicing physician for over two years last past, and that he resided and practiced his profession in said town since October, 1878; that his office was in the drug store of W. S. Baker.

2nd. That since his residence in said town, and before the commencement of this suit, and within the corporate limits of the plaintiff, the defendant gave to divers persons divers prescriptions in writing; some of said prescriptions calling in quantity for one-half pint, and some calling in quantity for one pint, and the others for one quart of whisky, brandy or other intoxicating liquor, which prescriptions in form were in substance as follows:

"W. S. Baker,

"Dealer in Drugs and Medicine,

"West side Public Square, Carthage, Ill.

"No. ——, Date———————————18

"For ——————————————————

"℞

"(Here is given name and quantity of liquor.)

"Signature of defendant, M. D."

In some a date and name of the party was stated, in others there was no date or name, and in some the directions were written therein "*use as directed*," and in others there were no directions.

3d. That several persons to whom the prescriptions were given, *at the time were well, and apparently in good health,*

Town of Carthage v. Buckner.

and were not at the time, or previous thereto, examined by the defendant, that he, the defendant, might ascertain whether the several parties needed said liquor for medical purposes or not; and that the defendant had no knowledge whether such liquor was needed by said several parties for medical purposes or not; and that defendant at the time was not their physician. But it is agreed that said parties at the time, in some of the instances, represented to the defendant that they desired the liquors for medical purposes. In some instances the representations were made by the parties to the defendant, that they desired the liquor for culinary purposes, and in some instances for mechanical purposes, and that upon such representations by said several persons to the defendant, and without further inquiry, the defendant gave to them severally a prescription for the liquor.

4th. That thereupon, prior to the bringing of this suit, and upon receiving the prescription, the parties severally, upon such prescriptions, obtained from either the druggist named in said prescription, or from some other druggist of the town, and within the corporate limits of the plaintiff, the liquor named in the prescription, paying the druggist therefor.

5th. That the liquor, after it was obtained upon said prescriptions, as above stated, was used by the parties, respectively, to drink as a beverage.

6th. That in most instances the defendant received a fee for the prescription.

As this case must be remanded for a new trial, we refrain from commenting upon the evidence at length and in detail, but will content ourselves by saying that we have examined the proofs carefully, and think the verdict so clearly against the weight of the evidence as to show that injustice has been done, and under it our duty is to reverse the judgment and remand the case for further proceedings.

Reversed and remanded.